IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EMILY THMPSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 2:25-cv-02681-TC-GEB |
| BOARD OF COUNTY ) | |
| COMMISSIONERS OF ) | |
| LEAVENWORTH COUNTY, KANSAS ) | |
| ) | |
| SHERIFF ANDREW DEDEKE ) | |
| ) | |
| ADAM EDWARD TURNER ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

COMES NOW, Emily Thompson ("Plaintiff"), by and through the undersigned counsel to seek redress for harm suffered as a result of the conduct of Defendants Board of County Commissioners of Leavenworth County, Kansas, Sheriff Andrew Dedeke in his official capacity, and Adam Edward Turner in his individual and official capacities.

## PARTIES

1. Plaintiff is a resident of the State of Kansas and was incarcerated at the Leavenworth County Jail, operated by Defendant Leavenworth County Sheriff's Office, beginning in August 2024 and at times relevant to this Complaint.

2. Defendant Board of County Commissioners of Leavenworth County, Kansas ("County Commissioners") is a governmental entity of the State of Kansas and possesses the capacity to sue and be sued pursuant to K.S.A. § 19-105.

1

3. Defendant County Commissioners acts through its employees and agents, who were acting within their scope of employment and/or agency during the events described herein.

4. Defendant Sheriff Andrew Dedeke was at all times material hereto the elected Sheriff of Leavenworth County, Kansas. Defendant Dedeke was responsible for the promulgation and administration of the policies and procedures of the Leavenworth County Sheriff's Department, including the Leavenworth County Jail, and including the hiring, training, and supervision of its deputies and employees.

5. At all material times, Defendant Adam Edward Turner ("Turner") was an employee of the County Sheriff's Office and worked as an Officer at the Leavenworth County Jail. He is being sued in his individual and official capacities. To the best of Plaintiff's knowledge and belief, Defendant Turner is no longer a Sheriff's Office employee.

## JURISDICTION AND VENUE

6. Jurisdiction and venue are proper in this Court as all acts and omissions giving rise to Plaintiff's claims occurred in Leavenworth County, Kansas.

7. On March 27, 2025, Plaintiff served and filed a Notice of Claim pursuant to the Kansas Tort Claims Act, K.S.A. § 12-105b(d), that asserted claims against the Sheriff's Office and its agents and employees. On Friday, July 25, 2025, Plaintiff's Notice of Claim was deemed denied by operation of K.S.A. § 12-105b(d) in that 120 days had passed since the filing of the claim and that the Sheriff's Office failed to approve the claim in its entirety, nor was a settlement reached before the expiration of the 120-day period.

8. As required by K.S.A. § 12-105b(d), Plaintiff commences this action within 90 days from the date the claim was deemed denied.

**FACTS COMMON TO ALL COUNTS**

9. On or about August 15, 2024, Plaintiff was arrested by Leavenworth County Sheriff Office deputies.

10. The underlying arrest was a violent encounter, and Plaintiff recalls being beaten and tased by the arresting officers before being taken to the Leavenworth County Jail.

11. On or about the date of her arrest, Plaintiff was further beaten and otherwise assaulted by uniformed deputies while in custody of the Leavenworth County Jail.

12. Plaintiff suffered injuries to her head and neck from being improperly tased while in custody.

13. Plaintiff on multiple occasions sought medical care for the injuries she suffered, but was denied by Sheriff's Office officials at the Leavenworth County Jail.

14. On or about September 16, 2024, Defendant Turner was charged in Leavenworth County District Court with Mistreatment of a Confined Person in District case no. LV-2024-CR-000434.

15. Defendant Turner's criminal case was disposed via a plea of nolo contendere, and he was sentenced to a suspended sentence of six months in jail, placed on one year of probation, and ordered to complete an anger management course.

16. After Plaintiff was released from the Leavenworth County Jail, she was informed by Jordan Robbins, the victim impact coordinator for the county who worked with Plaintiff during the disposition of Defendant Turner's criminal case, that there was no probable cause for her underlying arrest during which she was assaulted.

17. Plaintiff has and will continue to suffer damages as a result of the harms she suffered at the hands of Defendant Board of County Commissioners of Leavenworth County, Kansas and

Defendant Adam Turner, including but not limited to: medical expenses, pain and suffering (physical harm), pain and suffering (emotional and psychological harm); and loss of liberty.

### COUNT I
### VIOLATION OF 42 U.S.C. § 1983 et seq., FOR EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH, AND FOURTEENTH AMENDMENTS
### (Against Defendant Turner in his Individual and Official Capacities)

18. Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein.

19. At all times material hereto, Defendant Turner was acting under the color of state law as an agent and employee of the Leavenworth County Sheriff's Office and was acting in the course and scope of his duties as a Leavenworth County Sheriff Detention Deputy at the time he acted as described herein.

20. Defendant Turner, acting under the color of state law, deprived Plaintiff of her Eighth and Fourteenth Amendment rights under the United States Constitution by subjecting her to physical assault and battery so severe he was criminally charged with mistreating an incarcerated person and entered a plea agreement to dispose of the charge.

21. Defendant Turner's actions were intentional, malicious, and showed a reckless disregard or deliberate indifference for Plaintiff's constitutional rights. Moreover, the excessive force and subsequent denial of requested medical treatment following the assaults was objectively unreasonable.

22. As a direct and proximate result of Defendant Turner's conduct violating Plaintiff's constitutional rights, Plaintiff has suffered sustained damages including but not limited to: physical harm, emotional distress, mental anguish, pain and suffering, and economic losses.

23. Defendant's intentional, malicious, reckless, and deliberate indifferent acts justify an award of punitive damages.

**COUNT II**
**VIOLATION OF 42 U.S.C. § 1983 et seq., FOR EXCESSIVE FORCE IN VIOLATION OF THE FOURTH, EIGHTH, AND FOURTEENTH AMENDMENTS**
**(Against Defendant Board of County Commissioners of Leavenworth County, Kansas and Defendant Dedeke in his Official Capacity)**

24. Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein.

25. Defendants Board of County Commissioners of Leavenworth County, Kansas and Dedeke, acting under the color of state law, deprived Plaintiff of her rights under the Fourth and Fourteenth Amendments to the United States Constitution through the excessive and unreasonable force used to arrest her on or about August 15, 2024.

26. Defendants Board of County Commissioners of Leavenworth County, Kansas and Dedeke, acting under the color of state law, further deprived Plaintiff of her rights under the Eighth and Fourteenth Amendments by failing to protect her from physical assaults and excessive force by Defendant Turner while in custody.

27. As a direct and proximate result of Defendant's deliberate indifference, Plaintiff has suffered sustained damages including but not limited to: physical harm, emotional distress, mental anguish, pain and suffering, and economic losses.

**COUNT III**
**VIOLATION OF 42 U.S.C. § 1983 et seq., MONELL CLAIM**
**(Against Defendant Board of County Commissioners of Leavenworth County, Kansas and Defendant Dedeke in his Official Capacity)**

28. Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein.

29. Defendants Board of County Commissioners of Leavenworth County, Kansas and Dedeke, maintained policies, practices, or customs that demonstrated deliberate indifference to the constitutional rights of inmates, including Plaintiff.

30. These policies, practices, or customs included, but were not limited to: failure to adequately screen, hire, train, supervise, and discipline employees, including Defendant Turner, regarding use of force against inmates, including Plaintiff.

31. As a direct and proximate result of Defendant's policies, practices, or customs, Plaintiff has suffered sustained damages including but not limited to: physical harm, emotional distress, mental anguish, pain and suffering, and economic losses.

## COUNT IV
## NEGLIGENT HIRING, RETENTION, AND SUPERVISION
### (Against Defendant Sheriff Andrew Dedeke and Defendant Board of County Commissioners of Leavenworth County, Kansas)

32. Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein.

33. Defendants Board of County Commissioners of Leavenworth County, Kansas and Dedekewere negligent in hiring, retaining, and supervising Deputy Turner.

34. Defendants knew or should have known of Turner's unfitness and failed to take appropriate measures to ensure the safety of inmates, including Plaintiff.

35. As a direct and proximate result of Defendant's policies, practices, or customs, Plaintiff has suffered sustained damages including but not limited to: physical harm, emotional distress, mental anguish, pain and suffering, and economic losses.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/TORT OF OUTRAGE
### (Against Defendant Turner)

36. Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein.

37. Defendant Turner's conduct in assaulting and battering Plaintiff, then denying her requested medical care, to the point he was criminally charged with mistreating an

6

incarcerated person was extreme and outrageous, going beyond all possible bounds of decency and is utterly intolerable in a civilized community.

38. Defendant Turner's conduct intentionally or recklessly caused Plaintiff severe emotional distress.

39. By operation of Kansas law, Defendant Sheriff Dedeke is responsible for the conduct of Defendant Turner. K.S.A. § 19-805(a) states: "The sheriff and sureties of the sheriff shall be responsible, on the official bond of the sheriff, for the default or misconduct of the undersheriff and deputies."

40. As a direct and proximate result of Defendant Turner's conduct, Plaintiff has suffered sustained damages including but not limited to: physical harm, emotional distress, mental anguish, pain and suffering, and economic losses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Emily Thompson prays for damages against defendants, both individually and jointly, as follows:

Count I: (1) compensatory damages in excess of $75,000.00, exclusive of interest and costs; (2) punitive damages; and (3) costs, expenses and reasonable attorney fees pursuant to 42 U.S.C. § 1988.

Counts II and III: (1) compensatory damages in excess of $75,000.00, exclusive of interest and costs; and (2) costs, expenses and reasonable attorney fees pursuant to 42 U.S.C. § 1988.

Counts IV and V: (1) compensatory damages in excess of $75,000.00, exclusive of interest and costs.

Plaintiff further requests any other relief the Court deems just and equitable.

                      Respectfully submitted,

                      **GRISSOM MILLER LAW FIRM, LLC**

                      */s/ Conner Mitchell*
                      Barry R. Grissom, KS #10866
                      Jake Miller, KS #28337
                      Conner Mitchell, D. Kan. #79215
                      1600 Genessee Street, Ste. 460
                      Kansas City, MO 64102
                      T – 816-336-1213
                      F – 816-384-1623
                      barry@grissommiller.com
                      jake@grissommiller.com
                      cam@grissommiller.com

                      *Attorneys for Plaintiff*